IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NEDAL SHAHWAN,

    Petitioner,

v.

MICHAEL CHERTOFF, et al.,

    Respondents
                               /

No. C-05-4218 MMC

**ORDER DENYING PETITIONER'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**

Before the Court is petitioner's motion, filed July 28, 2006, for an award of attorney's fees and costs pursuant to 28 U.S.C. § 2412(d). Respondents have filed opposition, to which petitioner has replied. Having considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

"[A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Substantially justified means justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable

---

[1] By order filed September 8, 2006, the Court vacated the hearing scheduled for September 22, 2006.

1 person." United States v. Marolf, 277 F. 3d 1156, 1161 (9th Cir. 2002) (internal quotation
2 and citation omitted).

3       By order filed December 12, 2005, the Court granted petitioner's petition for a writ of
4 habeas corpus and ordered respondents to provide petitioner with a bond hearing before
5 an immigration judge. Petitioner seeks fees on the ground the position taken by
6 respondents was not substantially justified. In particular, petitioner argues it was
7 unreasonable for respondents to assert that because petitioner had traveled on advance
8 parole, he was not entitled to a bond hearing.[2]

9       The central issues presented herein were (1) whether notices petitioner received
10 from the Immigration and Naturalization Service ("INS") when he traveled on advance
11 parole adequately advised him that in the event the INS later instituted removal
12 proceedings against him, he would not have the opportunity to have a bond hearing; and
13 (2) if such notices were deficient, whether in any such subsequently-instituted proceedings,
14 application of § 1003.19(h)(2)(i)(B) would deprive petitioner of procedural due process.

15       Neither of the cases on which petitioner primarily relied, specifically, Martinez-De
16 Bojorquez v. Ashcroft, 365 F. 3d 800 (9th Cir. 2004) and Navarro-Aispura v. Immigration
17 and Naturalization Service, 53 F. 3d 233 (9th Cir. 1995), addressed the situation presented
18 herein. In Martinez-De Bojorquez, the Ninth Circuit characterized as a deprivation of
19 procedural due process the failure to inform the petitioner therein of the consequences of
20 traveling on advance parole. See Martinez-De Bojorquez, 365 F. 3d at 803 (noting "[i]t is
21 well-established that aliens facing deportation are entitled to due process"). There,
22 however, the deficient notice was provided in the course of an on-going deportation
23 proceeding, see id. at 804; here, by contrast, at the time he received the subject notices,
24 petitioner was not involved in a removal proceeding, and thus, arguably, no "procedures"

---

26 [2]Pursuant to 8 C.F.R. § 1003.19(h)(2)(i)(B), an immigration judge "may not
27 redetermine conditions of custody imposed by [U.S. Immigration and Customs
Enforcement]" as to "arriving aliens in removal proceedings." See id. When an alien
28 travels on advance parole, the alien becomes an "arriving alien" upon return to the United
States. See Barney v. Rogers, 83 F. 3d 318, 321 (9th Cir. 1996).

2

were implicated. In Navarro-Aispura, although the notice in question therein was, as here, provided prior to the institution of a removal proceeding, the issue presented was not denial of procedural due process, but, rather, waiver. In that case, the INS unsuccessfully argued that the petitioner, by accepting advance parole after receipt of the notice there in question, had, in essence, acceded to the application of an otherwise inapplicable regulation imposing exclusion proceedings. See Navarro-Aispura, 53 F. 3d at 236 (finding "this thoroughly inequitable situation was not agreed to by the petitioner") (internal quotation and citation omitted).

Although this Court, in arriving at its decision, looked to the reasoning set forth in the cases cited by petitioner, the cases on which petitioner primarily relied, as noted, do not present the particular issues raised herein. Under such circumstances, the Court cannot say that respondents' position was so unreasonable as to lack substantial justification.

Accordingly, petitioner is not entitled to an award of fees and costs under § 2412(d).

## CONCLUSION

For the reasons stated, petitioner's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: February 26, 2007

MAXINE M. CHESNEY
United States District Judge